IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tiana E. Grant; Raymond M. Grant, III; *both individually and on behalf of the interest of minor children involved*, <br><br> Plaintiffs, <br><br> v. <br><br> South Carolina Department of Social Services, *CPS*; Adrea Reynolds, *DSS HSC 1*; Kamaria Delaney, *DSS Caseworker*, Daphne Curry McDaniel, *DSS Supervisor*; Sasserie Miles, *Guardian Ad Litem*, <br><br> Defendants. | Civil Action No. 2:18-1804-RMG <br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 25) recommending the Court dismiss Plaintiffs' claims with prejudice. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiffs' claims with prejudice.

I. **Background**

Plaintiff Tiana Grant and her father Raymond Grant, III ("Plaintiffs") bring this action *pro se* on behalf of themselves and Ms. Grant's minor children. Plaintiffs allege that on March 31, 2016, the South Carolina Department of Social Services ("SCDSS") improperly removed Ms. Grant's children from her custody on the basis of an unfounded ex parte custody order and placed them in foster care where they suffered mental and physical harm. The children were returned to Ms. Grant's custody in June 2016 after a South Carolina family court determined that SCDSS had not proved by a preponderance of the evidence that the children were abused or neglected. Plaintiffs bring four claims: violation of civil rights pursuant to 42 U.S.C. § 1983,

1

defamation/slander/libel, frivolous or fraudulent claim/false reporting of abuse and neglect, and malfeasance in office. Plaintiffs seek compensatory damages "due to the unjust stress and mental anguish acquired by the minor children for counselling and further mental evaluation," punitive damages "due to the flagrant and unjust nature of the Defendant(s)' deceptive acts and their gross misrepresentation of the law," and a letter of apology and admittance of wrongdoing from Defendants. (Dkt. No. 1 ¶¶ 14, 42.)

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Magistrate Judge ably addressed the issues and correctly determined that Plaintiffs' claims are subject to dissmissal. Plaintiffs did not object to the Magistrate Judge's R & R.

### A. Claims Brought On Behalf Of The Minor Children Are Dismissed

As an initial matter, Plaintiffs' claims are subject to dismissal both as improperly brought on behalf of minor children and pursuant to Rule 41. "[N]on-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun Cnty. Public Schs.*,

418 F.3d 395, 401 (4th Cir. 2005).[1] Moreover, the Magistrate Judge twice notified Plaintiffs of this deficiency and directed them to obtain counsel for the children (Dkt. Nos. 8, 17), but Plaintiffs failed to respond to the Proper Form Orders after two extensions. Plaintiffs' lack of response to the Magistrate Judge's directives indicates their intent not to prosecute the case and subjects the claims to *sua sponte* dismissal. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (district court's dismissal following failure to respond to a specific directive is not abuse of discretion).

### B. The Claims Are Dismissed For Lack of Jurisdiction

The Court also lacks jurisdiction over Plaintiffs' claims, even when accorded an appropriately liberal construction afforded to *pro se* litigants. Plaintiffs assert jurisdiction on the basis of the first cause of action arising under federal law for violation of civil rights. For that claim, Plaintiffs first allege that Defendants violated Mr. Grant's Fourth and Fifth Amendment rights by "placing Mr. Grant in Double Jeopardy" when referencing his twenty-year old expunged criminal proceedings "to obtain false probable cause for the Complaint for Ex Parte Custody."

---

[1] It is unclear from the face of the pleading which claims are brought on behalf of the minor children. For example, the first cause of action for violation of civil rights alleges injury "to the Grant Family as a whole" (Dkt. No. 1 ¶ 27) whereas the second cause of action for defamation/slander/libel is based on a statement in open court that Mr. Grant "has previous DSS history and criminal history that involved him sexually abusing his granddaughter" (*id.* ¶ 32). In any event, Plaintiffs styled their lawsuit as brought on behalf of themselves and the minor children and, therefore, any claim is subject to dismissal to the extent it is brought on behalf of the children.

3

(Dkt. No. 1 ¶ 18.) This allegation fails to state a claim under federal law because Plaintiffs do not assert any facts to support that the civil family court custody proceeding constituted Mr. Grant being re-tried for a prior criminal offense. Plaintiffs also allege that they were denied due process and their rights under the Sixth Amendment because they were "not privy to the person or persons alleging the allegations" of neglect. (*Id.* ¶ 24.) But the Sixth Amendment right to witness confrontation does not generally apply to civil cases, such as a family court custody dispute. *Austin v. United States*, 509 U.S. 602, 608 (1993).[2] Therefore, Plaintiffs' first cause of action is dismissed.

With the federal question claim dismissed, Plaintiffs' three remaining South Carolina law claims are also subject to dismissal. The Court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367; *see also Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006) ("Once a district court has dismised the federal claims in an action, it maintains wide discretion to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction.") (internal quotation marks omitted). In declining to exercise supplemental jurisdiction, the Court considers "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Here, the Court is unable to find that the parties would be inconvenienced or unfairly prejudiced by declining to exercise jurisdiction over causes of action two, three and four, nor does the Court find any underlying issues of federal policy involved in these state law claims. The comity factor further weighs in faavor of

---

[2] Moreover, as the Magistrate Judge detailed, defendant Miles is entitled to absolute immunity for duties performed within her role as the guardian ad litem (*see Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994)) and Plaintiffs' claims for damages from SCDSS and its employees is barred by the Eleventh Amendment (*see Alden v. Maine*, 527 U.S. 706, 712-13 (1999)).

declining to exercise jurisdiction, as do considerations of judicial economy. As a result, the second, third and fourth causes of action are dismissed.

**III.  Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 25) as the Order of the Court and **DISMISSES WITH PREJUDICE** Plaintiffs' claims without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 11, 2019
Charleston, South Carolina